UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIEDRE J. HARRISON                                          CIVIL ACTION

VERSUS                                                      NO. 13-368

CGB ENTERPRISES, INC.                                       MAGISTRATE JUDGE
                                                            JOSEPH C. WILKINSON, JR.

### ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's Motion to Dismiss FMLA Claims, Record Doc. No. 15, submitted for decision on September 18, 2013, without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit for the following reasons, **IT IS ORDERED** that the motion is GRANTED.

This case was referred to a United States Magistrate Judge in accordance with 28 U.S.C. §636(c) upon the written consent of all parties. Record Doc. No. 13.

Defendant, CGB Enterprises, Inc., moves to dismiss only "Count III – FMLA Violation" of plaintiff's First Amended Complaint. CGB Enterprises contends that plaintiff, Diedre Harrison, failed to plead sufficient facts to plead a plausible claim for relief under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quotations omitted).  Plaintiff "need not allege in her complaint every fact that she might need to prove to prevail on the merits. . . .  This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which [it] rests.  The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim." Goss v. Hardy Energy Servs., Inc., No. 09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 438 (5th Cir. 2004).

The Supreme Court recently clarified the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

Ordinarily, "a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the Plaintiff an opportunity to amend." Litson-Gruenber v. JPMorgan Chase & Co., No. 7:09-cv-056-0, 2009 WL 4884426, at *6 (N.D. Tex. Dec. 16, 2009) (citing Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000)); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); Linck v. Brownsville Navig. Dist., 4 F.3d 989, 1993 WL 360773, at *4 (5th Cir. 1993). In this case, however, Harrison's failure to submit any opposition to defendant's motion to dismiss, even after the motion's submission date was extended for one month at plaintiff's request, Record Doc. No. 16, indicates clearly that she does not desire to amend her complaint.

Harrison seems to allege claims under the Family and Medical Leave Act for interference with her rights under the Act, discrimination for having exercised her rights under the Act and/or retaliation for having complained about interference with her rights. First, a claim for interference must allege the following elements of a prima facie case: (1) plaintiff was an eligible employee, (2) defendant was an employer subject to the requirements of the Act, (3) plaintiff was entitled to leave, (4) she gave proper notice of her intention to take Family and Medical Leave Act leave and (5) defendant denied her

3

leave to which she was entitled under the Act. <u>Lanier v. Univ. of Texas Sw. Med. Ctr.</u>, No. 12-10928, 2013 WL 2631316, at *2 (5th Cir. June 12, 2013).

In her First Amended Complaint, Harrison contends only that she "applied for and defendant granted plaintiff leave pursuant to the [Family and Medical Leave Act]." Record Doc. No. 3, ¶ 49. In asserting a claim for interference, she has failed to provide any factual allegations as to whether she gave proper notice of her intention to take leave under the ACT and that defendant denied her leave to which she was entitled under the Act. Indeed, Harrison <u>admits</u> that CGB Enterprises <u>granted</u> her leave pursuant to the Family and Medical Leave Act. <u>Id.</u> By failing to provide any factual allegations concerning the fourth and fifth prongs of a prima facie case, plaintiff has failed to state a plausible claim for interference under the Family and Medical Leave Act. <u>Miles v. Potter</u>, No. 06-10789, 2007 WL 1890685, at *7 (E.D. La. June 28, 2007).

Second, to state a claim for discrimination and/or retaliation under the Act, Harrison must allege the following prima facie elements: (1) she was protected under the Act, (2) she suffered an adverse employment decision, and either (3a) she was treated less favorably than an employee who had not requested such leave, <u>or</u> (3b) the adverse employment decision was made because she had taken Family and Medical Leave Act leave. <u>Hunt v. Rapides Healthcare Sys., LLC</u>, 2277 F.3d 757, 768 (5th Cir. 2001); <u>Bacalbos v. Nat'l W. Life Ins. Co.</u>, 162 F. 3d 379, 383 (5th Cir. 1999).

4

Harrison alleges in her First Amended Complaint that she applied for and was granted Family and Medical Leave Act leave by defendant in 2010 to care for her son. Record Doc. No. 3, ¶ 49. She also alleges that in 2010 her supervisor recommended that she not receive her full yearly bonus due to poor attendance, but that following her complaint to upper management, the supervisor's decision was overruled, allowing her to receive her full 2010 bonus. Id. at ¶¶ 47, 50, 51. Plaintiff's claim that her 2010 bonus was reduced because she took leave under the Act does not state a plausible claim for discrimination or retaliation because a promptly rescinded action generally fails to rise to the level of an adverse employment action. Breaux v. City of Garland, 205 F.3d 150, 158 (5th Cir. 2000).

Plaintiff also claims that her yearly bonus was reduced for a second time in August 2012 and that this reduction occurred "for no legitimate reason," but was done in response to her August 2011 complaint. Id. at ¶ 52. Additionally, Harrison claims that, by terminating her employment in October 2012, defendant "interfered with plaintiff's FMLA protected rights by discriminating against the plaintiff for having opposed a practice made unlawful by [the Act]." Id. at ¶¶ 73, 88, 90. By simply proffering her conclusory and subjective perceptions regarding employment actions that occurred more than one year after she took the leave on which she bases her discrimination claim and more than one year after the August 2011 complaint on which she bases her retaliation

claim, plaintiff has failed to provide factual allegations necessary to establish the third causation element for either her discrimination or retaliation claim. Consequently, she fails to state a plausible claim of discrimination or retaliation.

Assuming that all <u>factual</u> allegations, as opposed to conclusory and speculative allegations, are true for purposes of this Rule 12(b)(6) motion, plaintiff has failed to state a plausible claim for interference, discrimination or retaliation under the Family and Medical Leave Act.

Accordingly, **IT IS ORDERED** that defendant's motion is GRANTED and that plaintiff's Family and Medical Leave Act claims are DISMISSED WITH PREJUDICE. Harrison's claims under the Equal Pay Act, Age Discrimination in Employment Act, Title VII and Louisiana Unpaid Wages statute remain in the case and will proceed according to the scheduling order previously entered. Record Doc. No. 14.

New Orleans, Louisiana, this ___19th___ day of September, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE